UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ALWEISS, individually and as a class representative for all similarly situated permit applicants who are class members,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF SACRAMENTO, et al.,<br><br>　　　　　Defendants. | No.  2:21-cv-00784-JAM-DB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Daniel Alweiss ("Plaintiff" or "Alweiss") filed a six-count complaint against the City of Sacramento and two members of its Planning Department, Thomas Pace and Teresa Haenggi, collectively ("Defendants"), alleging four constitutional claims under 42 U.S.C. § 1983 and two claims under California law for unfair business practices and negligence.  See Compl., ECF No. 1.

Defendants move to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted.  See Mot. to Dismiss ("Mot."), ECF No. 11.  Plaintiff opposes the motion.  See Opp'n, ECF No. 13.  Defendants replied.  See Reply, ECF No. 15.

1

1    For the reasons set forth below, the Court GRANTS Defendants'

2    motion to dismiss.[1]

3

4                           I.    BACKGROUND

5        Alweiss applied for a conditional use permit with the City

6    of Sacramento's Planning Department on March 15, 2019.  Compl.

7    ¶ 11.  Alweiss also met with a Planning Department agent to

8    review the conditional use permit application and related fees.

9    Id.  Alweiss paid $14,111.08 on this occasion in application

10   fees.  Id. ¶ 12.  Two months later, in May, Alweiss received an

11   invoice from the Planning Department for an additional $2,500.

12   Id. ¶ 15.  Alweiss alleges that "there [i]s no statutory or City

13   Code authority for this fee," and he sent a letter stating as

14   much to Defendant Pace, Planning Director for the City of

15   Sacramento.  Id. ¶ 16.  In December, Alweiss received another

16   invoice for $125.  Id. ¶ 18.  Alweiss paid both invoices "under

17   protest" eight months later, on August 19, 2020.  Id. ¶ 19.

18   Alweiss filed his Complaint on April 30, 2021.  See Compl.

19

20                           II.    OPINION

21       A.    Judicial Notice

22       Plaintiff has requested the Court take judicial notice of

23   two documents, submitted as Exhibits A-B.  See Pl.'s Req. for

24   Judicial Notice ("RJN"), ECF No. 7-1.  Exhibit A is a record of

25   decision from Plaintiff's appeal of administrative fees.  Ex. A

26

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   scheduled for September 14, 2021.

1   to RJN.   Exhibit B contains Plaintiff's City of Sacramento Claim

2   form and Notice of Claim rejection.   Ex. B to RJN.   Both

3   exhibits are suitable for judicial notice as matters of public

4   record.   United States v. Black, 482 F.3d, 1041.   However,

5   because the parties dispute whether Plaintiff exhausted his

6   administrative remedies, the facts within these exhibits are

7   subject to reasonable dispute and cannot be judicially noticed.

8   Mot. at 10; Opp'n at 10.   Thus, the Court grants Plaintiff's

9   request for judicial notice of Exhibits A-B only for the fact

10   that these documents exist but not for the contents within them.

11        Defendant requests the Court take judicial notice of

12   relevant portions of the Sacramento Municipal Code (SMC),

13   specifically § 17.800.020(b), entitled "Application fee

14   options."   A municipal code section is an appropriate matter for

15   judicial notice.   See *Long Beach Area Peace Network v. City of*

16   *Long Beach*, 574 F.3d 1011, 1026 (9th Cir. 2009) (taking judicial

17   notice of a local ordinance, a local regulation, and a local

18   municipal code).   Accordingly, the Court takes judicial notice

19   of SMC § 17.800.020(b).

20        B.   Legal Standard

21        Federal Rule of Civil Procedure 8(a)(2) requires "a short

22   and plain statement of the claim showing that the pleader is

23   entitled to relief."   When a plaintiff fails to "state a claim

24   upon which relief can be granted," the Court must dismiss the

25   suit.   Fed. R. Civ. P. 12(b)(6).   To defeat a motion to dismiss,

26   a plaintiff must "plead enough facts to state a claim to relief

27   that is plausible on its face."   Bell Atlantic Corp. v. Twombly,

28   550 U.S. 544, 570 (2007).   Plausibility under Twombly requires

3

1  "factual content that allows the Court to draw a reasonable

2  inference that the defendant is liable for the misconduct

3  alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

4      "At this stage, the Court 'must accept as true all of the

5  allegations contained in a complaint.'"  Id.  But it need not

6  "accept as true a legal conclusion couched as a factual

7  allegation."  Id.  Additionally, the Court should grant leave to

8  amend, unless the "pleading could not possibly be cured by the

9  allegation of other facts."  Cooks, Perkiss, & Leiche, Inc. v.

10  N. Cal. Collection Serv., Inc., 911 F.2d 242, 246-47 (9th Cir.

11  1990).

12      C.    Claim One: Unlawful Taking

13      "The Takings Clause of the Fifth Amendment, made applicable

14  to the states through the Fourteenth, provides that private

15  property shall not be taken without just compensation."  Lingle

16  v. Chevron U.S.A Inc., 544 U.S. 528, 536 (2005).  "[A]

17  reasonable user fee is not a taking if it is imposed for the

18  reimbursement of the cost of government services."  United

19  States v. Sperry, 493 U.S. 52, 63 (1989).  Moreover, the Supreme

20  Court "has never held that the amount of a user fee must be

21  precisely calibrated to the use that a party makes of Government

22  services."  Id. at 60-61.  User fees are constitutional so long

23  as they are "not so excessive as to belie their purported

24  character as user fees."  Id. at 62.

25      Plaintiff alleges that certain permit fees imposed by the

26  City of Sacramento pursuant to SMC § 17.800.020 effected an

27  unconstitutional taking.  Compl. ¶ 30.  Plaintiff alleges he

28  paid an initial application fee when he first submitted his

1   application for a conditional use permit.  Id. ¶ 12.  Plaintiff

2   then received and paid two more invoices for costs associated

3   with processing his permit.  Id. ¶¶ 15, 18.  Despite paying

4   multiple fees, Plaintiff disputes only the constitutionality of

5   the latter fees.  Id. ¶ 29.  As to the initial fee, Plaintiff

6   concedes that the initial fee "was a reasonable fee for the

7   reimbursement of the cost of government services associated with

8   Plaintiffs' [sic] permit applications."  Id. (internal citations

9   omitted).

10       As to the subsequent fees, Plaintiff contends that they

11   were unconstitutional exactions, because "there is no ordinance

12   or language in the Municipal Code, or any City regulation,

13   specifically authorizing such additional fees or to support the

14   characterization of these additional fees as 'Application

15   Fees.'"  Id. ¶ 32.  On the contrary, the Sacramento Municipal

16   Code section entitled "Application Fee" specifically authorizes

17   the city planning director to seek an "additional fee" if "the

18   costs of processing the application exceeds the initial fee

19   paid."  SMC § 17.800.020(b)(1).  In reviewing Section

20   17.800.020, the Court finds it contains two main subsections

21   that should be read together.  Subsection (a), "Application fee

22   established," establishes and imposes an application fee upon

23   applicants for a permit.  SMC § 17.800.020(a).  Subsection (b),

24   "Application fee options," describes when and how the

25   application should be paid.  SMC § 17.800.020(b).  In detail,

26   subsection (b) presents two fee options for the planning

27   director to choose from.  Id.  The first option is a "Fee based

28   on estimate of processing costs," which includes an "initial

1   fee" based on "an estimate of staff time and resources" followed

2   by an "additional fee" if the actual costs exceed the initial

3   estimate.  Id.  The second option is a "Fee based on actual

4   processing costs," which includes a "deposit" followed by

5   "monthly invoices" to cover fees as they accrue.  Id.  Both

6   options result in an application fee that encompasses multiple

7   payments.  Thus, under the Sacramento Municipal Code, what

8   Plaintiff describes as initial and later fees are partial

9   payments of the same application fee.  As such, Plaintiff's

10  concession that the initial fee was a "was a reasonable fee for

11  the reimbursement of the cost of government services" applies

12  also to the later fees.  Compl. ¶ 29.  All three fees alleged in

13  the complaint are, therefore, user fees and not takings within

14  the meaning of the United States Constitution.  See Koontz v.

15  St. Johns River Water Mgmt. Dist., 570 U.S. 595, 597 (2013) ("It

16  is beyond dispute that taxes and user fees are not takings")

17  (internal citations omitted).

18       Further, Plaintiff does not allege any facts that the fees

19  charged were "clearly excessive as to belie their purported

20  character" as administrative fees.  Sperry, 493 U.S. at 62.  In

21  the absence of allegations otherwise, the Court concludes these

22  fees were reasonable user fees under the standard set by Sperry.

23  Id.

24       Having only alleged reasonable user fees, Plaintiff has not

25  alleged sufficient facts to support a claim under the Takings

26  Clause.  Accordingly, Plaintiff's Takings Clause claim is

27  dismissed with prejudice.  No further amendment of this claim is

28  permitted as such amendment would be futile.  Deveraturda v.

                                  6

1    Globe Aviation Sec. Servs., 454 F.3d 1043, 1049 (9th Cir. 2006).

2         D.   Claim Two: Procedural Due Process

3         The Fourteenth Amendment to the United States Constitution

4    provides that "[n]o state shall . . . deprive any person of

5    life, liberty or property, without due process of laws."  United

6    States Const. Amend XIV.  As a threshold requirement, Plaintiff

7    must show a liberty or property interest that is protected by

8    the Constitution.  Board of Regents v. Roth, 408 U.S. 564, 569

9    (1972).  Once Plaintiff demonstrates a constitutional interest

10   is at stake, the basic requirements of procedural due process

11   must be met, which is "a right to notice and an opportunity to

12   be heard at a meaningful time and in a meaningful manner."

13   Mathews v. Eldridge, 424 U.S. 319, 339-43 (1976). Only

14   "extraordinary situations where some valid governmental interest

15   is at stake . . . justifies the postponing of the hearing until

16   after the event."  United States v. James Daniel Good Real

17   Prop., 510 U.S. 43, 53 (1993).

18        Plaintiff has not made a threshold showing of a property

19   interest that is affected by official action.  Board of Regents

20   v. Roth, 408 U.S. at 569.  When describing his "existing

21   property interests," Plaintiff states only that he "own[s], or

22   ha[s] owned, real property," but he does not allege how his real

23   property interests were threatened by government action.  Compl.

24   ¶ 42.  Even though the Court "must accept as true all of the

25   allegations contained in a complaint" at the motion to dismiss

26   stage, a bare recitation of real property ownership without any

27   threat of deprivation of that interest does not adequately

28   support a claim for procedural due process.  Ashcroft v. Iqbal,

                                    7

1   556 U.S. at 678.

2       Accordingly, Plaintiff's procedural due process claim is

3   dismissed with prejudice.  See Deveraturda v. Globe Aviation

4   Sec. Servs., 454 F.3d. at 1049.

5       E.   Claim Three: Substantive Due Process

6       The substantive component of the Fourteenth Amendment Due

7   Process Clause "forbids the government from depriving a person

8   of life, liberty, or property in such a way

9   that . . . interferes with rights implicit in the concept of

10  ordered liberty," no matter how many procedural safeguards are

11  in place.  Engquist v. Oregon Dept. of Agric., 478 F.3d 985, 996

12  (9th Cir 2007).  To state a claim for a substantive due process

13  violation, Plaintiff must show that a challenged state action

14  either "shocks the conscience" or arbitrarily deprives him of a

15  fundamental right.  United States v. Salerno, 481 U.S. 739, 746

16  (1987).

17      Defendants contend that Plaintiff has failed to state a

18  substantive due process claim.  Mot. at 15.  Defendants

19  correctly point out that Plaintiff "fails to cite *any* case or

20  other legal authority that supports any due process claim,

21  whether substantive or procedural."  Reply at 6.  Reviewing the

22  complaint, the Court finds that Plaintiff has not identified a

23  single fundamental right implicated by the actions of the City

24  nor any action that "shocks the conscience."  Accordingly, the

25  Court dismisses the Plaintiff's substantive due process claim

26  with prejudice.  Deveraturda v. Globe Aviation Sec. Servs., 454

27  F.3d at 1049.

28  ///

1          F.    Claim Four: Ex Post Facto Clause

2          Plaintiff does not oppose Defendant's motion to dismiss

3    Plaintiff's Ex Post Facto Law claim.  Opp'n at 13.  Plaintiff

4    concedes the issue, stating that he is "persuaded by Defendant's

5    authority."  Id. at footnote 2.  Accordingly, this Court finds

6    that any further amendment would be futile and dismisses this

7    claim with prejudice.  Deveraturda v. Globe Aviation Sec.

8    Servs., 454 F.3d at 1049.

9          G.    Supplemental Jurisdiction

10         A district court may sua sponte decline to exercise

11   supplemental jurisdiction over pendant state law claims if it

12   "has dismissed all claims over which it has original

13   jurisdiction."  28 U.S.C. § 1367(c)(3).  The Court had original

14   jurisdiction over Plaintiff's § 1983 claims against the City of

15   Sacramento.  Having dismissed them, the Court, therefore,

16   declines to exercise supplemental jurisdiction over the

17   remaining state law claims.

18

19                      III.   SANCTIONS

20         This Court issued its Order re Filing Requirements ("Filing

21   Order") on May 3, 2021.  ECF No. 3-2.  The Filing Order limits

22   opposition memoranda to fifteen pages.  Filing Order at 1.  The

23   Filing Order also states that an attorney who exceeds the page

24   limit must pay monetary sanctions of $50 per page.  Id.

25   Plaintiff exceeded the Court's fifteen-page limit on opposition

26   memoranda by one page.  See Opp'n.  The Court therefore ORDERS

27   Defendant's counsel to pay $50.00 to the Clerk for the Eastern

28   District of California no later than seven days from the date of

1  this Order.

2

3                              IV.    ORDER

4       For the reasons set forth above, the Court GRANTS

5  Defendants' Motion to Dismiss Plaintiff's First, Second, Third

6  and Fourth claims under 42 U.S.C. § 1983 WITH PREJUDICE.

7  GRANTS Defendants' Motion to Dismiss Plaintiff's unfair business

8  practices claim under California law without prejudice; and

9  GRANTS Defendants' Motion to Dismiss Plaintiff's negligence claim

10 under California law without prejudice.

11      IT IS SO ORDERED.

12 Dated: December 22, 2021

13

14                                      JOHN A. MENDEZ,
                                        UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28