UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ALWEISS, individually and as a class representative for all similarly situated permit applicants who are class members,<br><br>            Plaintiffs,<br><br>     v.<br><br>CITY OF SACRAMENTO, et al.,<br><br>            Defendants. | No. 2:21-cv-00784-JAM-DB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES** |

Daniel Alweiss ("Plaintiff") sued the City of Sacramento and Planning Department agents Thomas Pace and Teresa Haenggi (collectively "Defendants") for collecting a fee in connection with Plaintiff's conditional use permit application. See Compl., ECF No. 1.  On December 27, 2021, the Court dismissed Plaintiff's federal claims with prejudice and declined supplemental jurisdiction over his state claims.  See Order, ECF No. 12.

///

///

1

This matter is now before the Court on Defendants' motion for attorney's fees. See Def.'s Mot. for Attorney's Fees ("Mot."), ECF No. 14. Plaintiff opposes the motion. See Opp'n, ECF No. 15. Defendants replied. See Reply, ECF No. 16. For the reasons set forth below, Defendants' motion is denied.[1]

## I. OPINION

### A. Attorney's Fees Under 42 U.S.C. § 1988

Under the "American Rule," each party in a lawsuit "ordinarily bears its own attorney's fees unless there is express statutory authorization to the contrary." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (superseded on other grounds by the Prison Litigation Reform Act). Section 1988 expressly provides that "in any action or proceeding to enforce a provision of [section] 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fees as part of the costs." 42 U.S.C. § 1988(b).

The applicable standard for granting attorney's fees under § 1988 depends on whether the prevailing party is the plaintiff or the defendant. See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, (1978). An award of fees to a prevailing defendant is properly limited to exceptional circumstances, because federal law seeks to "encourage individuals to seek relief for violations of their civil rights." Harris v. Maricopa Cty. Super. Ct., 631 F.3d 963, 968 (9th Cir. 2011). Thus, a

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for April 5, 2022.

prevailing defendant may recover attorney's fees only where "a court finds [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly become so." Christiansburg Garment Co., 434 U.S. at 422. "In determining this whether this standard has been met, a district court must assess the claim at the time the complaint was filed, and must avoid post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Tutor-Saliba Corp. v. City of Hailey, 452 F.3d 1055, 1060 (9th Cir. 2006) (internal citations omitted). "[T]he mere fact that a defendant prevails does not automatically support an award of fees." Vernon v. City of Los Angeles, 27 F.3d 1385, 1402 (9th Cir. 1994).

After review, the Court finds that Defendants have failed to satisfy the strict governing standard for fee awards to prevailing defendants in a civil rights case. Although Plaintiff's claims were unsuccessful, they were not "frivolous, unreasonable, or without foundation." Christiansburg Garment Co., 434 U.S. at 421. Defendants have not proven that exceptional circumstances exist warranting a fee award.[2] Accordingly, the Court declines to exercise its discretion to award attorney's fees under § 1988.

## II. ORDER

For the reasons set forth above, the Court DENIES

---

[2] Even if attorney's fees were recoverable, the Court notes that Defendants' request for $31,783.00 for a simple and straightforward motion to dismiss is grossly excessive and any award would have been significantly reduced.

Defendants' motion.

IT IS SO ORDERED.

Dated: May 25, 2022

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE